UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NAKEISHA DELAINE ZIRKER,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 21-12440<br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15]**

Nakeisha Zirker was injured in an automobile accident in June 2018 that left her with back injuries and mental impairments. (ECF No. 13, PageID.2393; ECF No. 10-2, PageID.81.) She applied for Disability Insurance Benefits and Supplemental Security Income in February 2019. (ECF No. 10-2, PageID.74.) Her claim was denied, and an Administrative Law Judge (ALJ) ultimately concluded that she was not disabled within the meaning of the Social Security Act. (*Id.* at PageID.71–88.) The Appeals Council denied review on August 12, 2021, making the ALJ's decision the final decision of the Commissioner. (*Id.* at PageID.48).

So Zirker appealed to this Court. (*See* ECF No. 1.) The case was referred to Magistrate Judge Curtis J. Ivy, Jr. (ECF No. 3.) In time, the parties filed cross-motions for summary judgment. (ECF Nos. 13, 15.) Magistrate Judge Ivy

recommended that the Court grant the Commissioner's motion and deny Zirker's motion. (ECF No. 18.)

Zirker now raises a single objection to the Report and Recommendation. (ECF No. 19.) She argues that Magistrate Judge Ivy "improperly applied the law in finding the ALJ properly evaluated the opinion evidence" of one of Zirker's physicians.[1] (*Id.* at PageID.2472.) The Commissioner filed a response. (ECF No. 20.)

For the reasons that follow, the Court will overrule the objection and adopt the recommended disposition.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's

---

[1] Zirker's motion for summary judgment argued that the ALJ improperly evaluated the opinion evidence of two of her physicians. (*See* ECF No. 13.) But because she failed to object to the Report and Recommendation's conclusions as to the second doctor, she has waived any right to appeal, and the Court will only consider the ALJ's evaluation of one doctor. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

2

attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In conducting de novo review in an appeal from the ALJ's decision under the Social Security Act, the Court must affirm a finding by the ALJ if it is both supported by substantial evidence and complies with the procedural rules governing disability determinations. *See Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 398 (6th Cir. 2018) (citing *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

## II.

Zirker argues that the ALJ failed to sufficiently explain why she found the medical opinion of Dr. Shelby-Lane unpersuasive. (ECF No. 19, PageID.2472.) In particular, she faults the ALJ for failing to address the statutorily-required criteria in reaching that conclusion. (*Id.*)

The Social Security Act's regulations require that an "ALJ provide a coherent explanation of [her] reasoning" so that a reviewing court can "determine whether [a claimant's] disability determination was supported by substantial evidence." *See Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021). Under recently revised regulations, an ALJ must "consider and articulate" how persuasive she found each medical source in the record. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b); *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (available at 2017 WL 168819).

Accordingly, the regulations require an ALJ to consider five factors: supportability; consistency; the source's relationship with the claimant; the source's specialized area of practice; and "other factors that tend to support or contradict a medical opinion." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). But the ALJ need only articulate her conclusions about the "two most important factors"—namely, supportability and consistency. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

And the regulations helpfully define supportability and consistency. Supportability means that the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "In other words, the supportability analysis focuses on the physicians' explanations of the opinions." *Vaughn v. Comm'r of Soc. Sec.*, No. 20-CV-1119, 2021 WL 3056108, at *10 (W.D. Tenn. July 20, 2021) (internal quotation marks omitted). Consistency means that the "more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

Dr. Shelby-Lane opined that Zirker has "frequent limitations in standing, walking, lifting, bending, sitting, stooping, squatting, [and] climbing stairs, ladders and scaffolds due to . . . broad-based disc herniations in the lumbar spine, disc herniations in the cervical and thoracic spine, tenderness to palpation in the lower

4

lumbar area, difficulty sitting on a seat cushion, and very slow execution of tandem walk, heel walk, and tow walk." (ECF No. 10-7, PageID.713.)

The ALJ found this opinion unpersuasive. (ECF No. 10-2, PageID.85.) She explained that the opinion was "ambiguous and fail[ed] to clearly define claimant abilities and limitations as a result of her medically determinable impairments. Specifically, it is unknown if the phrase 'frequent limitations' means the claimant can only occasionally perform the associated tasks or if she is limited to frequent performances of the same." (*Id.*) In other words, the ALJ was not sure if Zirker could frequently—but not always—perform these tasks or if she was frequently unable to do them. *Cf.* Social Security Regulation 83-10, 1983 WL 31251, at *5–6 (1983) (defining "occasional" and "frequent" as how often a claimant can perform a task, rather than the degree to which the claimant is limited; for example, someone capable of "light work" can "frequently lift[] and carry . . . objects weighing up to ten pounds")).

Magistrate Judge Ivy found that the ALJ's conclusion about Dr. Shelby-Lane's opinion was supported by substantial evidence. (ECF No. 18, PageID.2464.) Specifically, he explained that the "ALJ's opinion can be considered [as] a whole when determining whether her factual findings were supported by substantial evidence." (ECF No. 18, PageID.2462 (citing *Ledsome v. Comm'r of Soc. Sec. Admin.*, No. 5:20-02495, 2021 WL 6101427, at *1 (N.D. Ohio Dec. 8, 2021), *report and recommendation adopted sub nom. Ledsome v. Kijakazi*, No. 5:20-02495, 2021 WL 6086452 (N.D. Ohio Dec. 23, 2021)). He then noted that the ALJ incorporated some of Dr. Shelby-Lane's

5

findings into her report. (*Id.* at PageID.2462–2463.) But she also considered other evidence that conflicted with it, such as Zirker's inconsistent use of a cane, her improved condition following surgery, and her lack of need for pain medication. (*Id.*) Ultimately, he concluded that the ALJ adequately addressed consistency because "she noted where the opinion of Dr. Shelby-Lane strayed from [Zirker's] self-reported activities and other evidence in the record." (*Id.* at PageID.2463.) And he concluded that the ALJ adequately addressed supportability "in finding Dr. Shelby-Lane's opinion inconsistent with [Zirker's] self-reported restrictions." (*Id.* at PageID.2464.)

Zirker now makes one narrow objection. (ECF No. 19.) Specifically, she says that the Magistrate Judge's reliance on *Ledsome* "obfuscate[s] the articulation standard required by the regulations and wants to accept an interpretation of the regulations that would allow for the ALJ's summary of evidence to somehow meet the supportability and consistency requirement of the regulations without actually providing such an explanation in the discussion of opinion evidence[.]" (*Id.* at PageID.2472–2473.) And, says Zirker, the Magistrate Judge did this in an effort to "tolerate boilerplate conclusions as proper articulations of the supportability and consistency factors." (ECF No. 19, PageID.2474.) In other words, Zirker says that the Magistrate Judge ought to have focused only on the portion of the opinion discussing Dr. Shelby-Lane to determine if the factors were adequately addressed. The Commissioner, on the other hand, says that the Magistrate Judge was permitted to read the opinion as a whole. (ECF No. 20, PageID.2480.)

For several reasons, Zirker's objection does not win the day.

6

For starters, the Court does not believe that Magistrate Judge Ivy erred by citing *Ledsome* and considering the ALJ's decision as a whole. Indeed, under both the prior and current rules, courts in this circuit "review[] the record as a whole to determine whether the ALJ's decision is supported by substantial evidence." *Hague v. Comm'r of Soc. Sec.*, No. 20-13084, 2022 WL 965027, at *9 (E.D. Mich. Mar. 30, 2022) (applying current rules); *see also Vaughn v. Comm'r of Soc. Sec.*, No. 20-CV-1119, 2021 WL 3056108, at *12 (W.D. Tenn. July 20, 2021) (same); *Lapka v. Comm'r of Soc. Sec.*, No. 2:20-CV-10035, 2021 WL 733234, at *2 (E.D. Mich. Feb. 25, 2021) (same). Therefore, "the ALJ's articulation of the persuasiveness of a medical source opinion is not to be read in isolation of the rest of the decision." *Id.* "It would be a needless formality to have the ALJ repeat substantially similar factual analysis in different parts of the decision." *Sterner v. Comm'r of Soc. Sec.*, No. 20-12099, 2022 WL 684567, at *3 (E.D. Mich. Feb. 16, 2022), *report and recommendation adopted,* No. 20-CV-12099, 2022 WL 678647 (E.D. Mich. Mar. 7, 2022)). So Magistrate Judge Ivy was permitted to review the ALJ's whole decision in reaching his conclusions.

Additionally, the ALJ did not use boilerplate reasoning when she rejected Dr. Shelby-Lane's medical opinion. True, resorting to "boilerplate language to support a finding of unpersuasiveness does not satisfy" an ALJ's statutory obligations. *See Hardy*, 554 F. Supp. 3d at 909. But here, the ALJ explained Dr. Shelby-Lane's opinion and concluded that it was unpersuasive because it was "ambiguous and fail[ed] to clearly define claimant abilities and limitations[.]" (*Id.*) In other words, the ALJ

7

considered the particular facts of this case and found that the opinion offered little to no information about Zirker's capabilities because it could be interpreted in different ways. This is simply not the boilerplate articulation rejected in *Ledsome* or *Hardy*. *See Ledsome*, 2021 WL 6101427, at *6 (finding this "boilerplate" articulation insufficient: "I do not find the opinions of Adam Quick, MD to be persuasive because . . . his opinion is not consistent with or supported by the evidence of record."); *Hardy*, 554 F. Supp. 3d at 906 (finding this "boilerplate" articulation insufficient: "Dr. Carey's form statement was unpersuasive; it lacked support in Dr. Carey's own contemporaneous treatment documentation or elsewhere in the extensive record."). In addition, as Magistrate Judge Ivy noted, the ALJ specifically outlined other evidence in the record, which suggests a case-specific analysis rather than a boilerplate conclusion.

And in conducting de novo review, the Court agrees that the ALJ sufficiently articulated the relevant factors. Although she did not explicitly refer to "supportability" and "consistency" in her analysis of Dr. Shelby-Lane's opinion, her explanation aligns with these factors. *See Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 352 (6th Cir. 2020) (applying the prior "treating physician" rule but considering the same factors and concluding that an ALJ can satisfy their statutory obligations by "*indirectly* attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record"). Recall that the supportability analysis "focuses on the physicians' explanations of the opinions." *Vaughn*, 2021 WL 3056108, at *10. The ALJ specifically found that Dr. Shelby-Lane "fail[ed] to clearly

8

define claimant abilities and limitations as a result of her medically determinable impairments." In other words, the ALJ considered Dr. Shelby-Lane's supporting explanations and found them wanting, which goes to supportability. And recall that consistency considers how consistent this medical opinion is with the evidence from other medical and nonmedical sources. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ found Dr. Shelby-Lane's opinion to be "ambiguous" and open to contradictory interpretations, making it difficult or impossible to evaluate if it was consistent with other evidence in the record. So the Court cannot say that the ALJ failed to consider the relevant factors.

Finally, the Court notes that the ALJ's articulation of these factors also satisfied the purpose of the regulations. "As courts have explained, '[t]he requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that [her] physician has deemed [her] disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.'" *Hardy*, 554 F. Supp. 3d at 908 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Here, the ALJ relayed Dr. Shelby-Lane's conclusions, explained why she found them ambiguous, and concluded that they were thus unpersuasive.

In sum, the Court concludes that the ALJ provided a coherent explanation of her reasons for finding Dr. Shelby-Lane's opinion unpersuasive, that the opinion

9

complied with the statutory requirements, and that the disability determination was supported by substantial evidence. *See Hardy*, 554 F. Supp. 3d at 906.

### III.

For the reasons given, the Court ADOPTS the Magistrate Judge's report and recommendation (ECF No. 18), GRANTS the Commissioner's motion for summary judgment (ECF No. 15), and DENIES Zirker's motion for summary judgment (ECF No. 13).

SO ORDERED.

Dated: March 1, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
